**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STANLEY JACKSON,

          Plaintiff,

vs.                           CASE NO. 06-CV-11666
                                 HONORABLE MARIANNE O. BATTANI
                                 UNITED STATES DISTRICT JUDGE

MICHIGAN PAROLE BOARD, et. al.,

          Defendants,

_____/

### OPINION AND ORDER OF SUMMARY DISMISSAL

      Plaintiff is an inmate currently confined at the St. Louis Correctional Facility in St. Louis, Michigan. On April 11, 2006, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to file pay the $ 250.00 filing fee or to submit an application to proceed *in forma pauperis* within thirty days of the order. To date, plaintiff has neither paid the filing fee in full or supplied this Court with the requested information. Instead, plaintiff has filed a motion objecting to the order of deficiency. For the reasons stated below, the complaint is dismissed with prejudice.

### II. Discussion

      The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as

amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997).  The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).  Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C.A. § 1915(a).  If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir.1997).  If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

Plaintiff has objected to the order of deficiency, claiming that the PLRA's filing fee provisions do not apply to him because his complaint seeks an investigation or criminal charges against members of the Michigan Parole Board for placing false information into his parole file, resulting in the denial of his parole.

Plaintiff's objections are disingenuous.  Although Congress primarily targeted prisoner civil rights cases when it enacted the filing fee provision of the

2

PLRA, the text of the Act is not limited to such actions.  Instead, Congress chose to make this filing fee provision applicable to all "civil action[s]."  *See United States v. Jones,* 215 F. 3d 467, 469 (4th Cir. 2000).  The phrase "civil action" contained in the PLRA's filing fee provisions is not limited to challenges to the conditions of confinement. *See Lefkowitz v. Citi-Equity Group, Inc.,* 146 F. 3d 609, 612 (8th Cir. 1998).  Even motions that are brought under the federal rules of criminal procedure have been deemed "civil actions", for the purpose of invoking the PLRA's filing fee requirements, when the prisoner's motion is, "as a common sense matter", a civil proceeding. *See Pena v. United States,* 122 F. 3d 3, 4 (5th Cir. 1997).  If a prisoner proceeding *in forma pauperis* attempts to cloak another civil action, such as an alleged civil rights action, as a petition for writ of habeas corpus or a motion for post-conviction relief, a district court must assess the prisoner the applicable filing fee under the PLRA. *Kincade v. Sparkman*, 117 F. 3d 949, 952 (6th Cir. 1997).  "[P]risoners who play games to avoid the PLRA should not expect courts to cooperate." *Moran v. Sondalle,* 218 F. 3d 647, 651 (7th Cir. 2000).

In the present case, plaintiff has filed a complaint for investigation or criminal charges regarding the alleged placement of false information into his parole files.  There is no constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime. *See White v. City of Toledo,* 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002); *Walker*

3

*v. Schmoke*, 962 F.Supp. 732, 733 (D.Md. 1997)("[N]o federal appellate court, including the Supreme Court ... has recognized that there is a federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence."); *Fulson v. City of Columbus*, 801 F.Supp. 1, 6 (S.D.Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act.").

Therefore, the only relief that plaintiff could seek from this Court would be the removal of false information from his parole file and a new parole hearing. A prisoner who challenges parole procedures may do so by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. *See Wilkinson v. Dotson,* 544 U.S. 74, 76 (2005). Such actions are obviously subject to the PLRA's filing fee requirements. *See e.g. Smith v. Georgia Bd. of Pardons and Paroles,* 160 Fed. Appx. 836, 839 (11th Cir. 2005). Plaintiff was therefore required to comply with the order of deficiency.

The Court will dismiss the complaint for want of prosecution, because of plaintiff's failure to comply with Magistrate Judge Whalen's deficiency order by failing to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis. See Erby v. Kula,* 113 Fed. Appx. 74, 75-6 (6th Cir. 2004); *Davis v. United States,* 73 Fed. Appx. 804, 805 (6th Cir. 2003).

Accordingly, the Court **DISMISSES** the complaint under 28 U.S.C. §

4

1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.  Because the case is being dismissed under these circumstances, the Court further **ORDERS** that it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *McGore*, 114 F. 3d at 605.

s/Marianne O. Battani
**HON.  MARIANNE O. BATTANI**
**UNITED STATES DISTRICT COURT**

DATED: May 24, 2006

## CERTIFICATE OF SERVICE

**I certify that a copy of this Order was served upon all parties of record on this date.**

**s/Bernadette M. Thebolt**
**Case Manager**